**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Vivian A. Singleton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 9-04-21926-PMD-GCK |
| | ) | |
| Jo Anne B. Barnhart, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Sections 205(g) and 1631(c)(3) of the Social Security

Act, codified at 42 U.S.C. § 405(g) and 1383(c)(3), to obtain judicial review of the Commissioner

of Social Security's ("Commissioner") final decision, which denied Vivian A. Singleton's

("Singleton") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income

Benefits ("SSI"). The record includes a Report and Recommendation ("R&R") of the United States

Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a),

recommending that the Commissioner's final decision be affirmed. Plaintiff timely objected to the

Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object,

in writing, to a Magistrate Judge's R&R within ten days after being served with a copy).

## BACKGROUND

Plaintiff Singleton was born on February 15, 1955, and she has a high school education and

two years of technical school training. Singleton has past work experience as a housekeeper in a

hotel, a presser, a short order cook, and a sewing machine operator.

Singleton originally filed for disability insurance benefits in 1996. When this application

was denied, Singleton did not appeal. Thereafter, Singleton filed an application for SSI benefits on

June 10, 1998, (protectively) and for DIB on June 30, 1998, alleging disability as of August 14, 1997, due to the following: pain in her shoulder, elbow, wrist, hands, and neck; problems with her left knee and her feet; and depression. The Social Security Administration denied her applications initially on September 1, 1998, and upon reconsideration on April 14, 1999. After a hearing at which Singleton, her attorney, and a paralegal appeared, the ALJ concluded that Singleton was not disabled. The Appeals Council denied Singleton's request for review, thus making the ALJ's finding the final decision of the Commissioner of Social Security.

A civil action was filed in the United States District Court for the District of South Carolina, and on July 26, 2001, the Commissioner moved for remand of the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. On August 15, 2001, a United States Magistrate Judge issued an Order remanding the case.[1] On October 18, 2001, the Appeals Council remanded the case to the ALJ, who was to obtain medical evidence and evaluate Singleton's impairments.

Singleton appeared for a hearing on May 21, 2002, before the ALJ, but her attorney requested that the hearing be postponed until all additional medical evidence was obtained and submitted. The hearing was rescheduled, and Singleton and her attorney appeared before the ALJ on February 6, 2004. At the hearing, Singleton's attorney told the ALJ that the medical records were as up to date as possible through July 14, 2003.

On April 27, 2004, the ALJ issued a decision finding that Singleton was not disabled. Singleton appealed the decision and requested a new hearing. On June 19, 2004, the Appeals Council denied Singleton's request for review, thereby making the ALJ's decision the final decision

---

[1] The parties consented to a decision by a United States Magistrate Judge.

for purposes of judicial review. Singleton has exhausted her administrative remedies, and the case is now ripe for judicial review under § 205(g) of the Act. *See* 42 U.S.C. § 405(g).

## DISCUSSION

### I.    Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R&R, and Plaintiff's objections. The court adopts the R & R by specific reference and incorporates it fully into this Order.

### II.    Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

3

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

**III.     Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c).  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I.  If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a).  If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  However, if the claimant successfully reaches

step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience. *Walls*, 296 F.3d at 290.

Applying this framework, the ALJ first found that Singleton had not engaged in substantial gainful activity since the alleged onset date of her disability, August 14, 1997. At the second step, the ALJ found that Singleton had established that she had a musculoskeletal impairment of the right shoulder, status post rotator cuff repair, which was "severe" as of January of 1999 but not prior to that time. Also, the ALJ found that Singleton did not have any other severe impairments prior to December 31, 1998. At the third step, the ALJ found that Singleton's impairments did not meet or medically equal one of the impairments listed in Appendix I of the regulations. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). At step four of the framework, the ALJ found that Singleton's residual functional capacity ("RFC") did not prevent her from performing her past relevant work. Therefore, the ALJ concluded that Singleton was not under a disability as defined in the Social Security Act. The Magistrate Judge, after a thorough review of the record, agreed with the ALJ's conclusion.

**IV.    Analysis**

Singleton raises only two objections to the R&R. Singleton contends that: (1) the Order of the Appeals Council was ignored, and the Magistrate Judge did not mention the specific language requiring the ALJ to obtain consultative medical examinations; and (2) the Magistrate Judge erroneously held that the ALJ specifically considered the limitations imposed by Dr. Jackson. The Court addresses each objection in turn.

With respect to Singleton's first objection – that no consultative exams were obtained – the

5

Order of the Appeals Council[2] directed the ALJ to:

> obtain evidence in order to complete the administrative record *in accordance with the regulatory standards regarding consultative examinations and existing medical evidence.* The additional evidence shall include medical reports from Dr. Wanamaker, Dr. Hole and the pain clinic and medical source statements about what the claimant can still do despite the impairments. The additional evidence will also include *appropriate* consultative examination(s) with medical source statements.

(Order of Appeals Council Oct. 18, 2001.) (emphasis added). In her Objections to the R&R, Singleton objects to the Magistrate's failure to mention the specific language from the Order of the Appeals Council, and she claims that this Order was ignored because no consultative exams were obtained. First, the Court does not agree with Singleton's characterization of the Appeals Council Order, and second, the Court does not find that the ALJ ignored the Order. Accordingly, the Court finds Singleton's first objection without merit.

The Order of the Appeals Council directed the ALJ to obtain evidence necessary to complete the record "*in accordance with the regulatory standards regarding consultative examinations and existing medical evidence.*" (Order of Appeals Council Oct. 18, 2001.) (emphasis added). The regulations provide that the ALJ has a certain amount of discretion in determining when a consultative examination will be obtained. *See also Bishop v. Barnhart*, 78 Fed.Appx. 265, 268 (4th Cir. 2003) ("[T]he regulations state that the ALJ has discretion in deciding whether to order a consultative examination.") (citing 20 C.F.R. §§ 404.1519a and 416.919a (2002)) (unpublished). Pursuant to 20 C.F.R. § 404.1519(a)(1), "[t]he decision to purchase a consultative examination for you will be made after we have given full consideration to whether the additional information

---

[2] The Order of the Appeals Council, dated October 18, 2001, vacated the final decision of the Commissioner and remanded the case to an ALJ for further proceedings consistent with the Order.

needed (e.g., clinical findings, laboratory tests, diagnosis, and prognosis) is readily available from

the records of your medical sources." The Court agrees with the Magistrate that the information was

already in the record, and thus, obtaining a consultative exam would serve no purpose. Singleton

objects, however, that "[i]t is not a question, as the Magistrate Judge concluded, of whether the ALJ

could appropriately make a decision without that consultation. Rather the question is whether the

order can be ignored." (Obj. at 1.)

In addition to directing the ALJ to obtain evidence "in accordance with the regulatory

standards regarding consultative examinations and existing medical evidence," the Order of the

Appeals Council stated that "additional evidence will also include *appropriate* consultative

examination(s) with medical source statements." (Order of Appeals Council Oct. 18, 2001.)

(emphasis added). Singleton urges this Court to find that the ALJ ignored this Order; however,

because the Order directed the ALJ to obtain evidence in accordance with the regulatory standards,

which grant discretion in determining whether to purchase consultative exams, and because the

Order stated that additional evidence will include "appropriate" consultative exams, the Court finds

that the ALJ had discretion in determining whether consultative exams were appropriate in this case.

Accordingly, when considered as a whole, it does not appear that the ALJ indeed ignored the Order.

Furthermore, at the hearing before the ALJ on May 21, 2002, Singleton's attorney stated that

"with respect to any consulting exams, that would be up to Your Honor, obviously." (Tr. 382.)

Additionally, Singleton's attorney did not raise an objection regarding the lack of consultative exams

at the supplemental hearing. Moreover, Singleton has not demonstrated that any failure on the part

of the ALJ to fully establish the record has unfairly prejudiced her or that a consultative examination

would have resulted in a different outcome. Under these circumstances, the Court agrees with the

7

Magistrate's determination to uphold the ALJ's decision and finds that this objection lacks merit.

Likewise, Singleton's second and final objection – that the Magistrate Judge erroneously held that the ALJ specifically considered the limitations imposed by Dr. Jackson – also lacks merit. In her Objections, Singleton claims that the ALJ "considered only the opinion of Dr. Jackson that claimant was disabled," but that the ALJ did not mention the functional limitation imposed by Dr. Jackson that Singleton could not lift more than five pounds.  (Obj. at 2.)  Specifically, Singleton claims that "Social Security regulations require that these opinions be considered.  When the limitation is not mentioned, there is no evidence that it has been considered."  (Obj. at 2.)  However, the ALJ specifically stated: "Assuming that [Dr. Jackson] is a treating source, there are no objective clinical findings, from Dr. Jackson or any other physician, to support *the degree of limitations* he ascribed to the claimant.  Therefore, I do not find the opinions of Dr. Jackson to be supported by objective medical evidence or persuasive in evaluating the claimant's disability."  (Tr. 244.) (emphasis added).  Thus, the ALJ did mention such limitations.  Additionally and more importantly, the ALJ gave reasons why he discounted Dr. Jackson's opinion.  Therefore, as the Magistrate Judge concluded, because Dr. Jackson's assessment of Singleton's limitation was not supported by clinical findings and was inconsistent with other medical evidence, the ALJ properly discounted his assessment.  *See Mastro*, 270 F.3d at 178 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.") (citing *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)) (internal citations omitted).

As previously noted, Singleton has not raised any other objections to the R&R.  Accordingly, the Court need not consider other conclusions reached by the Magistrate Judge, as Singleton has waived further review of these claims.  *See Wright v. Collins,* 766 F.2d 841, 845-46 (4th Cir.1985).

8

Even if the Court were to conduct a *de novo* review of the entire R&R, the Court would agree with

the Magistrate's reasoned conclusion that the ALJ's decision to deny benefits was supported by

substantial evidence.

## CONCLUSION

It is, therefore, **ORDERED**, for the foregoing reasons that the Commissioner's denial of

benefits is **AFFIRMED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 15, 2005**

9